**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **RONALD LOVELADY, #32761-177,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:07-CV-2066-L** |
| | ) | |
| **DAVID BERKEBILE,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in

implementation thereof, this case has been referred to the United States Magistrate Judge. The

findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Petitioner, appearing *pro se*, filed a petition for writ of habeas corpus challenging

regulations promulgated by the Bureau of Prisons (BOP) that categorically limit the placement

of statutorily eligible inmates in a halfway house or Community Corrections Center (CCC) to

those inmates who are serving the final 10% of their term of imprisonment, not to exceed six

months.

After Respondent filed his motion to dismiss, and Petitioner filed his reply, Congress

passed the Second Chance Act of 2007, Pub. L. 110-199, Title II, § 251(a), 122 Stat. 692 (Apr. 9,

2008), which amends 18 U.S.C. § 3624(c) to increase placement in a CCC to 12 months, and

requires the BOP to make placement decisions on an individual basis consistent with the criteria

set forth in 18 U.S.C. § 3621(b).

Petitioner's sole claim in this case -- which alleges that the BOP has categorically denied

him placement in a halfway house or CCC -- appears moot. The court invited petitioner to address the mootness issue in a written response, but he failed to do so. *See* July 3, 2008 Order. Therefore, the court considers this threshold jurisdictional issue without the benefit of a response. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.' " *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *American Med. Ass'n v. Bowen,* 857 F.2d 267, 270 (5th Cir. 1988). Furthermore, when a challenged regulation has been superceded by a new regulation, "the issue of validity of the old regulation is moot, for this case has 'lost its character as a present, live controversy of the kind that must exit if we are to avoid advisory opinions on abstract questions of law." *Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982) (per curiam) (quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969) (per curiam)).

Since the passage of the Second Chance Act, several courts in this district have held that the enactment of the Second Change Act renders moot a petitioner's halfway house claim under the 2005 regulations, 28 C.F.R. §§ 570.20, 570.21, and PS7310.04. *See Combs v. Berkebile*, 2008 WL 2764976, No. 3:08cv0029-G, (N.D. Tex. Jul. 16, 2008); *John v. Berkebile*, 2008 WL 2531430, No. 3:08cv0267-L (N.D. Tex. Jun. 23, 2008); *Ryno v. Berkebile*, 2008 WL 2717181, No. 3:08cv0277-G (N.D. Tex. Jul. 10, 2008); *Singh v. Berkebile*, 2008 WL 2780967, No.

3:07cv2030-B (N.D. Tex. Jul. 14, 2008).

The BOP no longer follows the 2005 regulations or the relevant provisions of the program statement which Petitioner challenged in this case. "The Second Chance Act has changed the legal landscape in such a manner as to render moot Petitioner's challenges" in this case. *Combs*, 2008 WL 2764976, at *2. Accordingly, the petition should be dismissed for want of jurisdiction the same being moot.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Respondent's motion to dismiss (Doc. # 6) be DENIED, and that the petition for a writ of habeas corpus be DISMISSED for want of jurisdiction the same being moot.

A copy of this recommendation will be transmitted to Petitioner and counsel for Respondents.

Signed this 28th day of July, 2008.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds

of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.